**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ABIGAIL LAZANOWSKI,

     Plaintiff,

-vs-

                               Case No.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and TRANS UNION
LLC,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Abigail Lazanowski (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); and Trans Union LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

3

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.   Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

19.   Plaintiff is alleged to owe a debt to non-party Columbia Debt Recovery, LLC d/b/a Genesis (hereinafter "Genesis" or "Furnisher"), partial account number ending in *0287 (hereinafter "Genesis Account"), on behalf of Waterview at Rocky Point apartment complex (hereinafter "Waterview"). Plaintiff does not owe this debt.

20.   Plaintiff regularly monitors her credit file and has never left any account unpaid.

21.   Plaintiff was a co-lessee on an apartment at Waterview with two other individuals from 2022 to 2023.

22.    Plaintiff paid off the account in full on or about October 3, 2023, bringing the account to a $0 balance.

23.    Upon information and belief, Plaintiff did not owe anything more to Waterview upon making her final payment and bringing the account balance to $0.

24.    In or about October 2025, Plaintiff was contacted by Genesis to collect on a remaining debt to Waterview. Plaintiff was shocked, considering she had paid the remainder of the balance off in 2023.

25.    Shortly thereafter, Plaintiff discovered the Genesis Account reporting on her Equifax, Experian, and Trans Union credit reports.

26.    Plaintiff is young and still in the process of building her credit history. She would never let any accounts become adverse and risk damage to her credit profile.

27.    Plaintiff immediately contacted Waterview, who confirmed that the account was sent to collections in error, due to an issue with their computer system.

28.    In or about December 2025, Plaintiff forwarded this information to the Furnisher and submitted disputes to the CRAs explaining that the account was opened in error.

29.    Despite Plaintiff notifying Defendants of the inaccuracy, the erroneous reporting of the Genesis Account continued.

30.    On or about January 30, 2026, Plaintiff obtained copies of her Equifax, Experian and Trans Union credit reports and observed the Genesis Account continued to report with a balance of $281 and a status of collection.

31.    Due to the continued inaccurate reporting, on or about February 2, 2025, Plaintiff mailed a detailed dispute letter to the credit bureaus explaining that the account was erroneous and that she did not owe the debt. In the letter, Plaintiff requested a copy of her credit report. Plaintiff included images of her driver's license and social security card to confirm her identity. Plaintiff also attached images of the erroneous reporting, an image of her move-out statement reflecting a $0 remaining balance, and copies of the checks paid.

32.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2629 2535 50), Experian (9589 0710 5270 2629 2534 82), and Trans Union (9589 0710 5270 2629 2535 29).

33.    Despite confirmation of delivery on February 6, 2026, Plaintiff did not receive dispute results or a copy of her credit report from Trans Union.

34.    On or about February 20, 2026, Plaintiff received dispute results from Equifax advising that the Genesis Account was verified as accurate and would remain.

35.    On or about February 20, 2026, Plaintiff received dispute results from Experian advising that the Genesis Account was verified as accurate and would remain.

36.    On or about March 10, 2026, Plaintiff obtained updated copies of her credit reports and observed that the Genesis Account continued to be reported, now with a balance of $283 and a status of collection.

37.    Plaintiff was stunned that despite providing a plethora of information showing she did not owe the debt in question, the CRAs continued to falsely report the debt.

38.    Despite providing enough information to Equifax to see that the reporting was inaccurate, Equifax failed to follow the mandates of the FCRA and conduct a reasonable investigation.

39.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the Furnisher.

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41. Despite providing enough information to Experian to see that the reporting was inaccurate, Experian failed to follow the mandates of the FCRA and conduct a reasonable investigation.

42. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the Furnisher.

43. Experian never attempted to contact Plaintiff during the alleged investigation.

44. Despite providing enough information to Trans Union to see that the reporting was inaccurate, Trans Union failed to follow the mandates of the FCRA and conduct a reasonable investigation.

45. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the Furnisher.

46. Trans Union never attempted to contact Plaintiff during the alleged investigation.

47. On or about March 16, 2026, due to the continued inaccurate reporting, Plaintiff mailed another detailed dispute letter to the CRAs, again explaining that the account was erroneous and that she did not owe the debt. In the letter, Plaintiff requested a copy of her credit report. Plaintiff included images of her driver's license and social security card to confirm her identity. Plaintiff

9

also attached images of the erroneous reporting, an image of her move-out statement reflecting a $0 remaining balance, and copies of the checks paid.

48.    Plaintiff mailed the additional detailed dispute letters via USPS Certified Mail to Equifax (9407 1111 0549 5873 9524 54), Experian (9407 1111 0549 5873 9524 61), and Trans Union (9407 1111 0549 5873 9524 23).

49.    As of the filing of this Complaint, Plaintiff has not received dispute results as to the additional dispute letters.

50.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the Defendants continue to inaccurately report the erroneous Genesis Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

51.    Defendants have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the backs of the Furnisher.

52.    Had the Defendants conducted a reasonable investigation into Plaintiff's disputes, the result would have been different.

53.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

54.    If at any point during this process, any Defendant had conducted a reasonable investigation, the results would have been different.

55.    Other individuals have lodged complaints similar to the Plaintiff's in this matter, including direct complaints, CFPB complaints, FTC complaints, and via lawsuits.

56.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file have resulted in fees and costs;

    ii.    Loss of time and time taken off from work in attempts to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.    Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v.  Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi.  Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's credit score, as well as to Discover on 12-11-25 and 3-4-26.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

57.  Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.  Equifax allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

60.  Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

12

61.  Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.  Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.  As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.  The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65.  Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment

13

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)

66. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

67. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68. Equifax allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

69. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70. Equifax selects to just parrot the information provided by the furnishers and to avoid conducting re-investigations.

71. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

14

72.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

15

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

76.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.    Plaintiff provided Equifax with the information it needed to confirm that the account was inaccurate and not Plaintiff's responsibility. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

79.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85.    Plaintiff provided Equifax with the information it needed to confirm that the account was inaccurate and not Plaintiff's responsibility. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

19

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

90.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

91.    Experian allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

92.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

93.    Experian selects to just parrot the information provided by the furnishers and to avoid conducting re-investigations.

94.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

95.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT VI</u>
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

98. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

99. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

21

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100. Experian allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

101. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102. Experian selects to just parrot the information provided by the furnishers and to avoid conducting re-investigations.

103. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

104. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

106. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

107. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

108. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

109. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

110. Plaintiff provided Experian with the information it needed to confirm the account was inaccurate and not Plaintiff's responsibility. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

111. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

114.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

115.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

116. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

117. Plaintiff provided Experian with the information it needed to confirm the account was inaccurate and not Plaintiff's responsibility. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

118. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

121. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

122. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123. Trans Union allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

124. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

125. Trans Union selects to just parrot the information provided by the furnishers and to avoid conducting re-investigations.

126. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

127. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

130. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

131. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132. Trans Union allowed for the furnishers to report inaccurate and erroneous account information to Plaintiff's credit file.

133. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

134. Trans Union selects to just parrot the information provided by the furnishers and to avoid conducting re-investigations.

135. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

136. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

30

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

139. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

140. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

141. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

142. Plaintiff provided Trans Union with the information it needed to confirm the account was inaccurate and not Plaintiff's responsibility. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

143. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

145. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

32

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

146. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

147. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

148. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed

33

to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnishers.

149.   Plaintiff provided Trans Union with the information it needed to confirm the account was inaccurate and not Plaintiff's responsibility. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

150.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

151.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award actual or statutory damages and punitive damages against

34

Defendant, Trans Union LLC, award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Abigail Lazanowski, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; and Trans Union LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of July, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

35

501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com

***/s/ Frank H. Kerney, III***
Frank H. Kerney, III, Esq.
Florida Bar #: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, FL 33602
Cell: (813) 951-8278
Facsimile: (844) 951-3933
Frank@theconsumerlawyers.com

*Attorneys for Plaintiff*